UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA SEXTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-17170 |
| | ) | |
| v. | ) | |
| | ) | |
| SAINT XAVIER UNIVERISTY, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Sandra Sexton ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Saint Xavier University ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Sandra Sexton, resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Saint Xavier University, was a not-for-profit corporation doing business in and for Cook County whose address is 3700 West 103rd Street, Chicago, Illinois 60655.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a dispatch officer from November 2014 until

her unlawful termination on or around July 31, 2023.

12. The essential functions of Plaintiff's job included but were not limited to:

- Operate work station and equipment in an orderly and professional manner;
- Receive calls and signals from agencies and individuals reporting safety issues; and
- Inform officers and other personnel of reported safety issues;

13. Plaintiff suffers from a physical impairment that substantially limits one or more major life activities and manifests in symptoms including but not limited to complications regarding insulin production, urination and bowel movements, eating, drinking, and physical movement.

14. Regardless of Plaintiff's Disability, Plaintiff performed or could have performed the essential functions of the job with or without accommodations.

15. Plaintiff is a "qualified individual" as defined under the ADA.

16. On July 31, 2023, Plaintiff was denied the necessary opportunities for regular lunch and breaks as outlined in Plaintiff's regular daily expectations.

17. Unfortunately, because Plaintiff was not given her regular breaks, complications with her disability arose debilitating the Plaintiff.

18. During Plaintiff's disability flare-up, Plaintiff notified her manager, Christina Weiss, of her condition and requested a reasonable accommodation in the form of being excused from work early with only thirty minutes left of her shift.

19. Upon Plaintiff's next scheduled work day, Plaintiff was informed of her termination.

20. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's

3

reasonable request for missing the last thirty minutes of her shift.

21. Just one work day after requesting reasonable accommodations, Plaintiff was terminated—a clear retaliation against Plaintiff for engaging in protected activity.

22. Plaintiff's request for a reasonable accommodation was effectively denied.

23. Ultimately, on or about July 31, 2023, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

24. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

25. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

26. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

27. Plaintiff met or exceeded performance expectations.

28. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

29. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

30. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

31. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

4

32. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

33. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental an

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

34. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

36. Plaintiff is a qualified individual with a disability.

37. Defendant was aware of the disability and the need for accommodations.

38. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

39. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

40. Defendant did not accommodate Plaintiff's disability.

41. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

42. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

44. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

45. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

46. During Plaintiff's employment with Defendant, Plaintiff requested accommodations.

47. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

48. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

49. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of December, 2023.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

7